**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RIVERA SANCHEZ**, Alonso Sebastian<br>Petitioner,<br><br>vs.<br><br>**JAMISON, J.L.**, Warden, Federal Detention Center, Philadelphia, *et al.*<br>Respondents. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | No. 26-cv-6098-JMY |

**ORDER**

**AND NOW**, this 21th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus (ECF No. 1), and the Government's Response in Opposition to Petition for Writ of Habeas Corpus (ECF No. X), it is hereby **ORDERED** that the Petition is **GRANTED** as follows.

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2. The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than **5:00 p.m. ET on Monday, August 24, 2026**;

3. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, where an Immigration Judge shall determine whether detention is warranted pending the resolution of his removal proceedings;

4. If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Commonwealth of Pennsylvania before the ordered bond hearing. If the Immigration Judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the

Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed. Any such request must include an explanation for the request as well as a proposed destination. The Court will then determine whether to grant the request and permit transfer of Petitioner; and

5. The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

**BY THE COURT:**

*/s/ John Milton Younge*
**Judge John Milton Younge**

---

[1] Petitioner Alonso Sebastian Rivera Sanchez is a 23-year-old native of Peru who has lived in Philadelphia with his family after entering the United States on or about February 26, 2023. (Petition for Writ of Habeas Corpus ¶ 1, 18-19, ECF No. 1.) Petitioner first encountered DHS shortly after entering the country. At that time he was detained and processed by DHS, had removal proceedings initiated against him, and was released. (*Id.* ¶ 19.) Petitioner has established community in Philadelphia: he attended high school here, has recently graduated, and is currently working to support himself in pursuit of his goal to attend college. (*Id.* ¶ 20.) On or about August 19, 2026, Department of Homeland Security ("DHS") officers detained the Petitioner at a scheduled check-in at the DHS Philadelphia field office. (*Id.* ¶ 22.) DHS Officers purportedly detained Petitioner under 8 U.S.C. § 1225(b)(2), a mandatory detention statute, and instituted removal proceedings against him. (*Id.* ¶ 24.) Petitioner is now currently in the physical custody of Respondents at the Philadelphia Federal Detention Center. (*Id.* ¶ 23). The Respondent's note Petitioner does not appear to have a criminal history. (Response in Opposition at 2, ECF No. 3.)

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing under 8 U.S.C. § 1225(b) because that provision applies only to non-citizens who are "seeking admission" to the United States, rather than to non-citizens who have already been present in the country for a number of years. The Government candidly acknowledges that the substantial weight of district court authority rejects its argument to the contrary. (ECF No. 3 at 2) (referencing the more than 250 decisions in this district that have rejected the Government's position).

The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue. *See e.g.*, *Demirel v. Federal Detention Center Philadelphia*, 2025 WL 3218243, * 4 (E.D. Pa. Nov. 18, 2025); *Kashranov v. Jamison*, No.1, 2025 WL 3188399 (E.D. Pa. Nov. 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025); *Cantu-Cortes v. O'Neill, et al.*, No. 25-cv-6338, 2025 WL 3171639, at *1-2 (E.D. Pa. Nov. 13, 2025). The Petition is reviewable, and Petitioner is not subject to 8 U.S.C. § 1225(b)(2), thus making his detention without the opportunity for a bail hearing unlawful. The out-of-circuit

appeals decisions adopting the Government's position are unpersuasive to this Court. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026); *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026).